## THE BERTHA.

(Circuit Court of Appeals, Third Circuit. December 5, 1898.)

No. 17, September Term.

ADMIRALTY—PLEADING AND EVIDENCE.

On a libel to recover a balance due for repairs made to a tug under a written contract, a cross claim for damages founded upon the claimed breach of extrinsic oral understandings or agreements cannot be considered, when neither the answer nor the cross libel sets up that the writing did not embody the entire contract. Any evidence which may have crept into the case in respect to such supposed oral agreements is irrelevant and inadmissible.

Appeal from the District Court of the United States for the District of New Jersey.

This was a libel by Theodore Smith and others against the steam tug Bertha (Grafton M. Milliken, claimant) to recover a balance alleged to be due under a contract in pursuance of which libelants had placed a new boiler in the tug. The respondents filed a cross libel, claiming damages because of defective performance of the work.

In the district court the following opinion was delivered by KIRK-PATRICK, District Judge:

"The libel in this cause was filed to recover, against the steam tug Bertha, the balance due upon the contract price of a new boiler and for sundry repairs made to the engines of the said tug. The correctness of the libelants'

bill is not disputed, nor is it questioned that for the amount due the tug is properly liable. The defense set up by way of a cross libel is that the respondents have the right to recover damages for the defective performance of the work. The work was done under a written contract, which provided for the construction of a boiler for the tug of certain specified dimensions, and which should be built sufficiently strong to pass a steam-boiler inspection for 104 pounds of steam, and tested by a hydrostatic pressure of 160 pounds to the square inch. The work of setting the boiler was completed on the 12th day of December, 1891. The tug was inspected by the officers of the United States government and a license granted. A payment of $1,000 on the contract price was made by the owners, and the tug delivered to them. On the following day, as the tug was proceeding along the Hudson river, she shipped a sea, and, after going about a mile and a half, sunk. No complaint was made at this time by the respondents that the sinking of the boat was in any way due to the unworkmanlike manner in which the libelants had performed their work, nor was it claimed that the sinking of the tug was due to the improper location of the boiler. The libelants were, after the tug had been raised, employed to do further work upon the tug, another payment was made on account of the contract price, and promises were made respecting the payment of the balance remaining unpaid upon the whole bill of libelants, and insurance policies were delivered as security for the claim. The refusal to pay was not made until after the filing of the libel. The principal objection now urged against the libelants' work is that the boiler was placed so high in the vessel as to render her topheavy, and that it was not suitable for the vessel. and that the sinking of the boat, not only upon the occasion referred to, but shortly afterwards, was due to these facts. I have carefully considered all the evidence offered by both parties in regard to this matter. On the one side we have the opinions of persons not experts to the effect that the boiler was placed too high, who, upon cross-examination, declare that they made no actual measurements from which it would appear that it was practicable to properly place it otherwise; while, on the other hand, there is the evidence of practical men, including one in the employ of the United States, who made a careful examination for the purpose of ascertaining this very fact, to the effect that, when the shape of the boat and size of the boiler are taken into consideration, it would not be possible to lower the boiler any appreciable distance. It does not seem necessary to enter into the particulars of the testimony, but it is sufficient to say that, in my opinion, the evidence fails to show that the contract was not performed in a workmanlike and proper manner. There is testimony on the part of the respondents as to promises and warranties made by and on behalf of the libelants while the work of setting the boiler was in progress, but all of these that are material are denied by the libelants, and, if it were not so, would be void for want of consideration. The rights of parties were fixed by the written contract, and there was nothing to stand as consideration for the oral promise, if it were made. Conover v. Stillwell, 34 N. J. Law, 54. The libel is sustained, with costs; and the cross libel dismissed, with costs. Let decrees be entered in accordance therewith."

De Lagnel Berier, for appellant.

John Griffin, for appellees.

Before ACHESON and DALLAS, Circuit Judges, and BUTLER, District Judge.

ACHESON, Circuit Judge. Neither in the answer to the original libel, nor in the cross libel, was the ground taken that the written memorandum did not embody the entire contract between the parties. Therefore, whatever testimony crept into the case, in respect to a supposed prior oral understanding that the libelants (the appellees) were to examine the steam tug Bertha and determine how large a boiler she could properly carry, was irrelevant and inadmissible. No such issue was raised by the pleadings. We have, however, carefully

read and considered all the evidence, with a result unfavorable to the appellant. We are well satisfied that the written memorandum sets forth the whole contract. The libelants, we think, assumed no responsibility with respect to the size of the boiler. We are by no means convinced that the boiler was too large for the Bertha, but, if so, her owner (the appellant), who ordered the work, was responsible.

The real defense against the libelants' bill for material furnished and work done for the Bertha set up in the answer was that the boiler was placed too high in the tug, and so as to project above the upper deck, whereas it could have been placed lower; that the libelants agreed that the boiler should be placed below the upper deck, and afterwards, before acceptance of the work, "warranted and agreed" that the tug should be "just as good" with her boiler as actually placed as if it had been below decks. To sustain these allegations the respondents' proofs were mainly directed. The defense failed of proof. The evidence clearly establishes that the boiler was set as low in the tug as was practicable. The alleged agreement to place the boiler below the upper deck is not satisfactorily shown, nor is the alleged agreement of warranty. No defense to the libelants' claim appears. The court below was right in its findings and conclusions. The decrees of the district court upon the libel and cross libel are affirmed.